```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

DONALD F. KNUCKLES,

        Plaintiff,

vs.                             Case No. 3:13-cv-411-J-39JRK

MICHAEL CREWS, etc.; et al.,

        Defendants.

_____

## ORDER

### I. Status

On April 16, 2013 (pursuant to the mailbox rule), Plaintiff Donald F. Knuckles instituted this action by filing a civil rights Complaint (Complaint) (Doc. 1) pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on an Amended Complaint (Amended Complaint) (Doc. 24).[1] This cause is before the Court on Defendant Crews' Motion to Dismiss (Crews' Motion to Dismiss) (Doc. 27) and Linda Uphaus' Motion to Dismiss (Uphaus' Motion to Dismiss) (Doc. 38). Plaintiff has responded. See Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 37) and Plaintiff's Response to Defendant, Linda Uphaus', Motion to Dismiss (Doc. 42).

Defendants assert that Plaintiff has not exhausted his administrative remedies and he has failed to state a claim upon which relief can be granted. The parties provided documents concerning the exhaustion of administrative remedies.

---

[1] Plaintiff is represented by counsel.

## II.   The Amended Complaint

In the Amended Complaint, Plaintiff names two Defendants, Michael Crews, the Secretary of the Florida Department of Corrections (FDOC), in his official capacity, and Linda Uphaus, a grievance coordinator, in her individual capacity. There are three counts raised: (1) Count One - Discrimination on Account of Disability in Violation of Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12131 et seq.) seeking an injunction directing the FDOC and Defendant Crews to take such action as necessary to ensure Plaintiff has access to programs, services, and activities and is not discriminated against on account of his disabilities; (2) Count Two - Deliberate Indifference to Serious Medical Needs (42 U.S.C. § 1983/Eighth Amendment) seeking an injunction directing the Chief Health Officer of Columbia Correctional Institution-Annex (CCI) and the FDOC to take all such action necessary to treat Plaintiff for his serious medical needs; and (3) Count Three - First Amendment Retaliation (42 U.S.C. § 1983) against Defendant Uphaus seeking an injunction ordering Defendant Uphaus not to address future grievances and to refrain from taking action in retaliation for good faith use of the grievance procedure in the future.

In the Amended Complaint, Plaintiff alleges the following. He is an inmate confined at CCI who suffers from diabetes, congestive heart failure, heart disease, chronic obstructive pulmonary

disease, Parkinson's disease, artery disease, diabetic neuropathy, intermittent claudication [sic], and other illnesses. He claims that his physical impairments limit his major life activities, including walking and breathing. As a result, the FDOC officials issued a wheelchair pass to Plaintiff.

Plaintiff claims that he has been discriminated against due to his disability, including being denied access to programs, services, and activities for which he is otherwise qualified. Specifically, he complains about the following: (1) lack of an accessible water fountain in the recreation yard of his dormitory; (2) a malfunctioning wheelchair; (3) poor access to canteen services; (4) poor access to library services; (5) poor positioning of wheelchair-accessible dining tables; (6) failure to provide a stand-up locker; (7) failure to provide accessible living quarters, shower facilities, and common areas; (8) failure to accommodate wheelchair-bound inmates concerning sidewalk usage; (9) failure to create job assignments in compliance with the Americans with Disabilities Act (ADA), instead requiring mobility-impaired inmates to hold a receptacle for dirty utensils, subjecting them to being hit with food flung by inmates; and (10) failure to provide key locks.

Plaintiff complains that Defendant Crews has been deliberately indifferent to his serious medical needs. Plaintiff states that he has been denied treatment, including an egg crate mattress to

prevent pressure sores, medication to relieve symptoms of various diseases, a proper diet for his medical condition, and medical boots. Plaintiff asserts that the denial of proper treatment is based on cost saving measures, without proper diagnostic tests or consideration of Plaintiff's serious medical needs. Plaintiff seeks injunctive relief, asking that he be provided with treatment for his serious medical needs.

### III. Exhaustion of Administrative Remedies

Defendants move to dismiss the action pursuant to 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is required before an action with respect to prison conditions by a prisoner may be initiated in this Court. The Eleventh Circuit has stated:

> Before considering the merits of this case, we must address a threshold matter. According to 42 U.S.C. § 1997e(a), enacted as part of the Prison Litigation Reform Act (the "PLRA"),
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> The PLRA's effective date was April 26, 1996; because the prisoners filed their complaint after this date, the PLRA applies. Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000). A district court must dismiss the suit when it finds that the plaintiff-inmate has not exhausted his

administrative remedies.  Cf. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000). . . .

Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004).

Defendants contend that Plaintiff has not exhausted his administrative remedies.  Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the Prison Litigation Reform Act.  Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir.), cert. denied, 555 U.S. 1074 (2008); Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted).  The Supreme Court has stated that "failure to exhaust is an affirmative defense under the PLRA[.]"  Jones v. Bock, 549 U.S. at 216.  However, "the PLRA exhaustion requirement is not jurisdictional[.]"  Woodford v. Ngo, 548 U.S. at 101.  See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (recognizing that the defense "is not a jurisdictional matter").

Discussing an unenumerated motion to dismiss under 12(b), Fed.R.Civ.P., based on failure to exhaust administrative remedies, the Eleventh Circuit states:

> That motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b) is not unusual or problematic. "'Federal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules.'" Ritza, 837 F.2d at 369 (quoting 5C Wright & Miller, *supra*, § 1360 at 77).  For instance, courts may decide motions to dismiss that are

5

> "'closely related to the management of the lawsuit and might generally be characterized as involving matters of judicial administration.'" Id.; see e.g., Int'l Ass'n of Entrepreneurs of Am. v. Angoff, 58 F.3d 1266, 1271 (8th Cir. 1995) ("While pre-answer motions are ostensibly enumerated in Fed.R.Civ.P. 12(b), district courts have the discretion to recognize additional pre-answer motions, including motions to stay cases within federal jurisdiction when a parallel state action is pending.").

Bryant v. Rich, 530 F.3d at 1375 (emphasis added). The Eleventh Circuit concludes that "exhaustion should be decided on a Rule 12(b) motion to dismiss[.]" Id. (citation omitted).

If a prisoner fails to completely exhaust his administrative remedies prior to initiating a suit in federal court, the complaint must be dismissed. "This is true even if the inmate thereafter exhausts his administrative remedies after initiating his action in federal court." Whitley v. Aldridge, No. 3:11-cv-491-J-25JBT, 2013 WL 4520883, at *2 (M.D. Fla. Jan. 15, 2013) (citations omitted).

Moreover, "the PLRA exhaustion requirement requires proper exhaustion." Woodford, 548 U.S at 93.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the

> issues on the merits)." Pozo,[2] 286 F.3d, at 1024. . . .

Id. at 90. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id.

Upon review of the documents submitted to the Court, the Court is convinced that Plaintiff has adequately exhausted the following matters. With respect to Count One, the ADA claim concerning access to programs, services, and activities, Plaintiff has exhausted the following complaints: the water fountain issue; the stand-up locker issue; accessible living quarters, shower facilities, and common areas issue; and the key lock issue. He failed to exhaust the functioning wheelchair issue, canteen services, library services, positioning of dining room tables, sidewalk access, and job assignments.[3]

The Court also finds that Plaintiff adequately exhausted his complaint about inadequate medical treatment at CCI. With regard to Count Two, the section 1983 claim, Plaintiff repeatedly complained about his medical care, the denial of medication for his various ailments, denial of oxygen, and the lack of a special diet,

---

[2] Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir.), cert. denied, 537 U.S. 949 (2002).

[3] Plaintiff failed to provide any documentation showing that he grieved these matters. He also failed to present any documentation showing that he was prevented from grieving these matters. Based on the record before the Court, Plaintiff presented numerous complaints about the conditions of his confinement, but these particular matters were not included in his complaints.

7

medically prescribed equipment, clothing, and other items. Plaintiff adequately exhausted his claim of deliberate indifference to his serious medical needs.

The Court finds that Plaintiff failed to exhaust his claim of retaliation raised in Count Three prior to the filing of his Complaint on April 16, 2013.  Plaintiff wrote a grievance of reprisal to the Warden on April 13, 2013.[4] Exhibit A (Doc. 42-1 at 4).  Without obtaining a response or allowing for the response time to expire, Plaintiff filed his Complaint in this Court.  Because Plaintiff did not exhaust his administrative remedies prior to initiating this suit, Count Three against Linda Uphaus will be dismissed without prejudice.

## IV.  Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the

---

[4] Although the grievance is dated 4-13-12, apparently this is a scrivener's error as Plaintiff complains about an event which occurred on April 12, 2013.  Exhibit A (Doc. 42-1 at 4).

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Apparently Defendants Crews is claiming that Plaintiff has failed to adequately allege an Eighth Amendment violation. Crews' Motion to Dismiss at 9. Upon review of the Amended Complaint, Plaintiff has adequately presented an Eighth Amendment claim with respect to his claim of denial of medical care for his serious medical needs in Count Two of the Amended Complaint. Amended Complaint at 6-8. Indeed, Plaintiff claims deliberate indifference to his rights to be free from cruel and unusual punishment. Id. at 7. As relief, Plaintiff seeks an injunction requiring that he be treated for his serious medical needs. Id. at 8.

The matters raised in the Defendant Crews' Motion to Dismiss would more properly be raised in a Rule 56 motion with supporting medical records, affidavits, and other relevant documents. Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. When Defendant Crews files his motion for summary judgment, he is directed to state with particularity the supporting evidentiary basis for granting summary disposition of this case. The Court need not scour the record for evidentiary materials on file; instead, the Court need ensure that the allegedly dispositive motion itself is

supported by the appropriate evidentiary materials. <u>Reese v. Herbert</u>, 527 F.3d 1253, 1269 (11th Cir. 2008) (citing <u>One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.</u>, 363 F.3d 1099, 1101-02 (11th Cir. 2004)).

Therefore, it is now

**ORDERED:**

1. Linda Uphaus' Motion to Dismiss (Doc. 38) is **GRANTED** based on Plaintiff's failure to exhaust administrative remedies prior to the filing of this action. In all other respects, Linda Uphaus' Motion to Dismiss is **DENIED**.[5]

2. Linda Uphaus is **DISMISSED** from this action. The **Clerk** shall terminate **Linda Uphaus** on the docket.

3. Defendant Crews' Motion to Dismiss (Doc. 27) is **GRANTED** with respect to Defendant Crews' claim that Plaintiff failed to exhaust his administrative remedies with respect to the following issues: the functioning wheelchair issue, canteen services, library services, positioning of dining room tables, sidewalk access, and job assignments. In all other respects, Defendant Crews' Motion to Dismiss (Doc. 27) is **DENIED.**

---

[5] Plaintiff raises a First Amendment retaliation claim against Defendant Uphaus pursuant to 42 U.S.C. § 1983, and he seeks injunctive relief. Plaintiff has not raised an ADA claim against Defendant Uphaus in the Amended Complaint. <u>See</u> Defendant Uphaus' Motion to Dismiss at 8.

10

4. Defendant Crews shall respond to the Amended Complaint by **November 6, 2014.**

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of October, 2014.

_____
BRIAN J. DAVIS
United States District Judge

sa 10/7
c:
Counsel of Record