UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DONALD F. KNUCKLES,

               Plaintiff,

vs.                              Case No. 3:13-cv-411-J-39JRK

JULIE JONES,[1] SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

               Defendant.
_____


**ORDER**

**I.  Status**

Plaintiff Donald F. Knuckles, on April 16, 2013 (pursuant to the mailbox rule), instituted this action by filing a civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.  Through counsel, Plaintiff filed an Amended Complaint (Amended Complaint) (Doc. 24).[2]  Defendant Julie Jones' Motion for Summary Judgment (Motion) (Doc. 78) is pending before the Court.  Plaintiff filed a Response to Defendant's Motion for Summary Judgment with Incorporated Affidavit (Response) (Doc. 81).[3]  See Summary Judgment Notice (Doc. 80).

_____

[1] Julie Jones, the Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for Michael Crews, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff is no longer represented by counsel.

[3] The Court hereinafter refers to Defendant's Exhibits (Docs. 79 & 88) as "Ex."

Julie Jones, the Secretary of the Florida Department of Corrections (FDOC), in her official capacity, is the remaining Defendant in the case. Two counts remain: (1) Count One - Discrimination on Account of Disability in Violation of Title II of the Americans with Disabilities Act (ADA) of 1990 (42 U.S.C. § 12131 et seq.) seeking an injunction directing the FDOC and the Secretary to take such action as necessary to ensure Plaintiff has access to programs, services, and activities and is not discriminated against on account of his disabilities; and (2) Count Two - Deliberate Indifference to Serious Medical Needs (42 U.S.C. § 1983/Eighth Amendment) seeking an injunction directing the Chief Health Officer of Columbia Correctional Institution-Annex (CCI) and the FDOC to take all such action necessary to treat Plaintiff for his serious medical needs. Amended Complaint at 5-6, 8.

The alleged facts supporting the Amended Complaint are thoroughly set forth in the Court's Order (Doc. 43) at 2-4, and will not be repeated here. Plaintiff seeks injunctive relief as stated above.

In the Motion, the Defendant asserts that Plaintiff has not exhausted his administrative remedies and he cannot prove a violation under Title II of the Americans with Disabilities Act (ADA). Motion at 1. Plaintiff opposes the Motion in his Response.

## II.  Exhaustion of Administrative Remedies

The Secretary moves to dismiss the action pursuant to 42 U.S.C. § 1997e(a), asserting that Plaintiff has failed to exhaust his administrative remedies with regard to his medical claim.[4]  The Secretary's motion constitutes an unenumerated motion to dismiss under 12(b), Fed.R.Civ.P.  Bryant v. Rich, 530 F.3d 1368, 1375 (11th Cir.), cert. denied, 555 U.S. 1074 (2008).  Since the exhaustion of administrative remedies is a matter in abatement, it does not go to the merits and it is not jurisdictional.  As such, it is not regularly the proper subject for the basis of a summary judgment motion.  Id.  Thus, this pre-answer type of motion for failure to exhaust administrative remedies is addressed by the Court as an unenumerated motion to dismiss.

Upon review, the Secretary previously raised an unenumerated motion to dismiss for failure to exhaust administrative remedies in a Motion to Dismiss (Doc. 27) filed on May 21, 2014.  The Court addressed the Secretary's assertion of failure to exhaust administrative remedies in the Court's Order (Doc. 43).  Thereafter, the Secretary filed an answer to the amended complaint (Doc. 46) on October 29, 2014.

In its Order (Doc. 43), the Court found:

> that Plaintiff adequately exhausted his complaint about inadequate medical treatment

---

[4]  The Court will refer to the Defendant as the Secretary throughout this opinion.

3

> at CCI.  With regard to Count Two, the section
> 1983 claim, Plaintiff repeatedly complained
> about his medical care, the denial of
> medication for his various ailments, denial of
> oxygen, and the lack of a special diet,
> medically prescribed equipment, clothing, and
> other items.  Plaintiff adequately exhausted
> his claim of deliberate indifference to his
> serious medical needs.

Order (Doc. 43) at 7-8.

Not only is the motion for failure to exhaust improperly raised in a motion for summary judgment after the Defendant answered the Amended Complaint, the Court previously rejected this threshold matter, finding Plaintiff adequately exhausted his administrative remedies with respect to his medical claim raised in ground two of the Amended Complaint.

### III.  Ground One

The Secretary asserts that Plaintiff's claim for injunctive relief, raised in ground one, is moot because the Department has made adequate accommodations since Plaintiff filed his Amended Complaint.  Motion at 10-11.  The Court previously found that Plaintiff adequately exhausted the following matters with regard to his ADA claim: the water fountain issue; the stand-up locker issue; accessible living quarters, shower facilities, and common areas issue; and the key lock issue.  Order (Doc. 43) at 7.  Plaintiff, in his Response states that "[i]f it's o.k. now, it wasn't when I filed my injunction."  Response at 5.

4

The Court finds no remaining case or controversy with respect to the ADA claim raised in ground one of the Amended Complaint:

> "Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; **it is not enough that there may have been a live case or controversy when the case was filed**." Id. (citation and internal quotations omitted). "The doctrine of mootness provides that the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Id. (citations, alterations, and internal quotations omitted).

KH Outdoor, L.L.C. v. Clay Cnty., Fla., 482 F.3d 1299, 1302 (11th Cir. 2007) (emphasis added).

The Defendant's expert, Randall Atlas, states that since the filing of this litigation, the FDOC has taken the necessary steps to comply with the ADA and Florida Accessibility Code. Ex. B at 1. Of note, he states this litigation prompted the steps taken by the Department to come into compliance. Id. An institutional inspection was undertaken on April 13, 2015, with a follow-up visit on June 1, 2015. Id. at 6. This inspection confirms that the water fountain issue is moot, Ex. B at 6-7; the stand-up locker and key lock issues are moot, id. at 7; the accessible living quarters and common areas issues are moot, id. at 7-10; and the shower issue is moot, id. at 9. Also of import, there are visible grab bars in the photographs. Thus, all of the properly exhausted issues have been addressed and the modifications undertaken since the filing of

the initial Complaint.   Therefore, the ADA claim raised in ground one is moot.

## IV.  Ground Two

The  Secretary  contends  that  "Plaintiff's  ADA  deliberate indifference  medical  claim  is  not  properly  before  the  Court." Motion at 11.  Upon review, Plaintiff raises the following claim in his  second  ground:  "Deliberate  Indifference  to  Serious  Medical Needs (42 U.S.C. § 1983/Eighth Amendment)."  Amended Complaint at 6.   Clearly  the  second  ground  is  an  Eighth  Amendment  deliberate indifference  to  serious  medical  needs  claim  raised  pursuant  to  42 U.S.C. § 1983, not an ADA claim.

Also  of  note,  Plaintiff  raises  a  claim  for  prospective injunctive  relief  against  the  Secretary  in  her  official  capacity. This  claim  for  injunctive  relief  is  properly  lodged  against  the Secretary in her official capacity since she currently holds office and  has  the  authority  to  respond  to  such  relief.    Indeed, "[d]efendants  who  currently  have  official  capacity  to  provide  a remedy  through  declaratory  or  injunctive  relief  may  be  sued  in their  official  capacities  for  such  relief  and  the  Eleventh Amendment  is  no  bar."  Muhammad v. Crosby, 4:05CV193-WS, 2008 WL 2229746, at *19 (N.D. Fla. May 29, 2008) (citing Socialist Workers Party v. Leahy, 145 F.3d 1240, 1248 (11th Cir.1998), Ex parte Young, 209 U.S. 123, 157 (1908)), aff'd sub nom. Muhammad v. Sapp, 388 F. Appx. 892 (11th Cir. 2010).

6

The Secretary also asserts that Plaintiff cannot proceed against her under section 1983 based on a theory of respondeat superior or vicarious liability, relying on <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003). Motion at 14. The Court is not convinced, based on a review of the Amended Complaint, that Plaintiff's intention is to sue the Secretary based on a theory of respondeat superior. Although not a model of clarity, the Court finds the Amended Complaint states otherwise.

Plaintiff alleges that even though the doctors in the FDOC are aware of Plaintiff's serious medical needs, they refuse to perform tests or provide treatment "for the sole purpose of saving money on inmate treatment." Amended Complaint at 7. Plaintiff contends that the denial of needed treatment poses a substantial risk of serious harm due to his numerous ailments and diseases. <u>Id</u>. Plaintiff claims the FDOC is aware of his serious medical needs and has the ability to order treatment, but refuses to do so. <u>Id</u>. Plaintiff further states that he suffering from the untreated effects of diseases and conditions to the detriment of his health. <u>Id</u>. at 8. As such, he seeks an injunction to obtain treatment for his alleged serious medical needs. <u>Id</u>.

Of import,

> To create the required causal connection between the Secretary's actions or inactions and the alleged constitutional violation, plaintiff must demonstrate that either "1) a history of widespread abuse put[ ] [the Secretary] on notice of the need to correct

7

the alleged deprivation, and he ... fail[ed]
to do so; 2) [the Secretary's] custom or
policy result[ed] in deliberate indifference
to constitutional rights; or 3) facts support
an inference that the [Secretary] directed
subordinates to act unlawfully or knew that
subordinates would act unlawfully and failed
to stop them from doing so." <u>Valdes v. Crosby</u>,
450 F.3d 1231, 1237 (11th Cir. 2006).

<u>Doby v. Berry</u>, 3:04-cv-1044-J-32MMH, 2006 WL 3518611, at *3 (M.D.

Fla. Dec. 6, 2006).   In his Amended Complaint, Plaintiff is

apparently claiming a custom or de facto policy of refusing medical

treatment based on cost saving measures which resulted in

deliberate indifferent to his serious medical needs and/or there

exists a history of widespread abuse, deliberate indifference, that

puts the Secretary on notice of unconstitutional conditions due to

the deprivation of medical care.

In support of his deliberate indifference claim, Plaintiff, in

his sworn Affidavit (Doc. 81) at 3, states that he is being treated

for only some of his ailments and diseases.   <u>See</u> Plaintiff's

Exhibit A (Doc. 81-1).   He also contends that he was diagnosed with

Parkinson's Disease prior to his entry into the prison system and

he is not being treated for it now.   <u>Id</u>.   In the Motion, the

Secretary asserts that Plaintiff is receiving treatment for his

illnesses, and he cannot prove deliberate indifference to his

serious medical needs.   Motion at 14-15.

The requirements to establish an Eighth Amendment claim with

respect to medical care are:

8

> The Eighth Amendment's prohibition against "cruel and unusual punishments" protects a prisoner from "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a claim of unconstitutionally inadequate medical treatment, a prisoner must establish "an objectively serious [medical] need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).

Kuhne v. Fla. Dep't of Corr., 745 F.3d 1091, 1094 (11th Cir. 2014).

"A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' In the alternative, a serious medical need is determined by whether a delay in treating the need worsens the condition." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). The Secretary does not dispute that Plaintiff has serious medical needs. Instead, she claims that he is receiving treatment and cannot show deliberate indifference.

To satisfy the subjective component, a plaintiff must prove the following:

> "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005) (alteration in original) (internal quotation marks omitted). Although we have occasionally stated, in dicta, that a claim of

9

> deliberate indifference requires proof of
> "more than mere negligence," <u>McElligott v.
> Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999),
> our earlier holding in <u>Cottrell</u>, 85 F.3d at
> 1490[5], made clear that, after <u>Farmer v.
> Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970, 128
> L.Ed.2d 811 (1994), a claim of deliberate
> indifference requires proof of more than gross
> negligence.

<u>Townsend v. Jefferson County</u>, 601 F.3d 1152, 1158 (11th Cir. 2010).

The record reflects the following. Dr. Albert Maier, a Senior Physician medically trained in the area of emergency medicine and pathology, reviewed Plaintiff's FDOC medical records and Veteran's Administration records provided to him, and found that Plaintiff received medical treatment for all diseases alleged in the Amended Complaint, except for Parkinson's. Ex. A at 1. Dr. Maier recorded that Plaintiff received a wheelchair upon receipt into the FDOC, and received regular medical assessments and approval for continued use of the wheelchair. <u>Id</u>. Upon admission to the FDOC, Plaintiff received a complete physical examination with lab studies. <u>Id</u>. Plaintiff is seen approximately monthly at "neurology, endocrine, lipid, and chronic pulmonary disease clinics[.]" <u>Id</u>. at 2. His medications are reviewed and adjusted by the clinicians. <u>Id</u>. Plaintiff made 144 visits to clinics, and refused treatment forty-five times. <u>Id</u>. Beyond those ailments mentioned in the Amended Complaint, additional medical conditions were identified by medical staff and treated. <u>Id</u>. Plaintiff receives medication for chronic

---

[5] <u>Cottrell v. Caldwell</u>, 85 F.3d 1480 (11th Cir. 1996).

10

obstructive pulmonary disease.  Id.  He is on a 2800 calorie diet "prescribed for and is satisfactory for hypothyroidism." Id.  He also has received medication for obstructive lung disease.  Id.

Dr. Maier states that Plaintiff does not meet the criteria for medical boots, and he has not been issued a prescription for an egg crate mattress.  Id.  However, Plaintiff has been seen for "multiple regular Chronic Illness Clinic visits with appropriate medical specialties including cardiovascular disease, hypertension, neurology, endocrinology, [and] pulmonary disease." Id.

Finally, Dr. Maier states that Plaintiff does not have Parkinson's disease.  Id.  He states that Plaintiff has a tremor, but "there is a neurology consult by Dr. Gama[,]" a neurologist at the Reception and Medical Center, concluding that Plaintiff's condition is "a more benign look-a-like condition known as Benign Familial Tremor." Id.  Plaintiff receives medication for this tremor.  Id.

A plaintiff must demonstrate that a defendant's responses to his medical needs were poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in treatment, or even medical malpractice actionable under state law.  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (citing Estelle v. Gamble, 429 U.S. 97, 105-106 (1976)), cert. denied, 531 U.S. 1077 (2001).  Again, Plaintiff complains that he has not been treated for Parkinson's disease, but the

neurologist for the FDOC diagnosed Plaintiff with suffering from Benign Familial Tremor, not Parkinson's disease.  This, at most, is a difference in medical opinion, not a constitutional violation. Of further significance, Plaintiff is receiving medication for his tremor; therefore, a medical assessment was undertaken and his symptoms are being treated with medication.

Although Plaintiff has not been prescribed an egg crate mattress or medical boots, he has been prescribed many other medications and treatments for his ailments and diseases, including being provided a wheelchair.  The fact that he has not been prescribed these particular items does not amount to a constitutional violation.  At most, he has presented a claim of negligence or medical malpractice in this regard.  In <u>Granda v. Schulman</u>, 372 F. App'x 79, 83 (11th Cir. 2010) (per curiam), the Eleventh Circuit clarified whether a course of treatment would state a claim under the Eighth Amendment:

> Nevertheless, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." <u>Estelle</u>, 429 U.S. at 106, 97 S.Ct. at 292; <u>see</u> <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1575 (11th Cir.1985) ("Although [the prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). In <u>Estelle</u>, the Supreme Court held that a prisoner failed to state a claim of deliberate indifference by alleging that medical personnel failed to diagnose and treat his back injury properly, which caused him to suffer pain for a three-month period, because

12

> he admitted to receiving treatment, including
> painkillers and muscle relaxants, on multiple
> occasions.  429 U.S. at 99-101, 106-07, 97
> S.Ct. at 288-89, 292-93.

Plaintiff's dissatisfaction with his medical treatment is insufficient to sustain a claim for an Eighth Amendment violation. Here, it is quite apparent that Plaintiff is receiving extensive and frequent medical treatment for a variety of ailments and diseases.  He has a wheelchair, constant and regular medical care, prescribed medications, and a prescribed diet.  Even if Plaintiff's treatment were to be considered less than adequate or medical malpractice, "[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'"  Harris v. Coweta Cnty., 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. at 106).

In this case, Plaintiff may desire different modes of treatment, but the treatment he has received does not amount to deliberate indifference.  Thus, the Secretary's Motion is due to be granted as to ground two.

Therefore, it is now

**ORDERED:**

1.  The Defendant's Motion for Summary Judgment (Doc. 78) is **GRANTED.**

2.  The **Clerk** shall enter judgment in Defendant Secretary's favor with respect to Counts I and II of the Amended Complaint.

3.   The **Clerk** shall terminate all pending motions and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of February, 2016.

_____
BRIAN J. DAVIS
United States District Judge

sa 2/4
c:
Donald F. Knuckles
Counsel of Record